**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST TRUST ADVISORS L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| VIRTU AMERICAS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Virtu Americas LLC ("Virtu") hereby removes this action from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois (the "Circuit Court") to this Court. Removal is based on 28 U.S.C. §§ 1331, 1441(a), and 1446, and 15 U.S.C. § 78aa.

**INTRODUCTION**

1. On November 13, 2017, Plaintiff First Trust Advisors L.P. ("First Trust") commenced this action in Illinois State Court by filing a Summons and Complaint. A copy of the Summons and Complaint, together with all associated papers filed with the Circuit Court, is annexed as Exhibit A. *See* 28 U.S.C. § 1446(a).

2. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. Specifically, as explained more fully below, First Trust's claims arise under the federal securities laws, and are therefore removable.

3. This Notice of Removal is filed in the district court of the United States for the district in which this matter is pending.

4. Pursuant to 28 U.S.C. § 1446(b)(1) and Rule 6(a) of the Federal Rules of Civil Procedure, removal is timely because this Notice of Removal was filed within 30 days after Virtu received a copy of the Complaint, which Virtu received on November 16, 2017.

5. Contemporaneously with the filing of this Notice of Removal, Virtu is providing written notice of this removal to plaintiff's counsel, and will file a copy of this Notice of Removal with the clerk of the Circuit Court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

## FEDERAL JURISDICTION

6. While First Trust purports to bring two state claims against Virtu, those claims arise under the federal securities laws and are therefore removable under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa.

## I. THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331

7. 28 USC § 1331 provides that district courts have original jurisdiction over all civil actions arising under federal law. The Supreme Court "has long recognized that [federal question] jurisdiction will lie over some state law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

8. The Supreme Court has applied a four-factor test to determine if a claim arises under federal law pursuant to 28 U.S.C. § 1331: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

9. Applying that test here, First Trust's claims arise under federal law.

10. Specifically, First Trust's claims are based on Virtu's purported failure to appropriately execute "Market-on-Close" ("MOC") orders that First Trust allegedly sent to Virtu. First Trust alleges an MOC order is generated when "a customer instructs the executing broker-dealer to buy or sell a given security at the closing price in the appropriate market at the end of the trading day on which the MOC Order was placed."

11. First Trust further alleges that the MOC orders that are the basis of its Complaint were supposed to be executed on national stock exchanges, such as the NYSE and NASDAQ. National stock exchanges register with, and are regulated by, the SEC under Section 6 of the Exchange Act. 15 U.S.C. § 78f. Under the Securities Exchange Act of 1934 (the "Exchange Act"), the stock exchanges are self-regulatory organizations (15 U.S.C. § 78c(a)(26)), which have a duty to promulgate and enforce rules governing the conduct of their members (15 U.S.C. § 78s(g)).

12. Pursuant to those federal statutory obligations, the stock exchanges have promulgated a comprehensive, federal, regulatory framework that governs MOC trades. Indeed, First Trust admits in paragraph 21 of the complaint that MOC orders, including those that form the basis of its complaint, are governed by "various exchange rules". Those rules are subject to SEC review and approval. *See, e.g.,* SEC Release No. 34-81556 (Sept. 8, 2017) (Approval of amendment to Rules 4702 and 4754 relating to the NASDAQ closing cross and other related changes); SEC Release No. 34-81303 (Aug. 3, 2017) (Notice of filing and immediate effectiveness of proposed rule change to NYSE Rule 7.37 to reflect changes to how the Exchange would process MOC/LOC orders routed to NYSE American LLC).

13. Importantly, the stock exchanges' MOC rules precisely define the manner in which MOC trades are to be executed. *See, e.g.*, NYSE Rules 13(c)(4), 123C; NASDAQ Rules 4702(b)(11)(A)-(B), 4754(b)(3)(A) & (E).

14. Accordingly, the MOC rules govern the MOC orders that form the basis of First Trust's Complaint.

15. Applying the Supreme Court's four-factor *Gunn* test to this comprehensive regulatory framework, First Trust's state law claims alleging Virtu's alleged failure to execute MOC orders arise under federal law.

16. For the first and second factors, First Trust's Complaint necessarily raises an actually disputed federal issue, as its claims turn on the application and construction of federal rules governing MOC orders. *See, e.g., Grable*, 545 U.S. 308, 314-315 (finding federal jurisdiction where the plaintiff's state law claims were premised on the meaning and construction of federal law); *Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9 (1983) ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law."); *NASDAQ OMX Group, Inc. v. UBS Secs., LLC*, 770 F.3d 1010, 1021 (2d Cir. 2014) (finding federal jurisdiction over state law claims because "[r]esolution of [the] dispute will require construction of a federal statute, rules promulgated pursuant to the statute's mandates, and the statute's implementation by the SEC.").

17. Moreover, *Gunn's* third factor is satisfied because the federal government has a substantial interest in the uniform application of the exchanges' rules and regulations that govern MOC orders, which the state court would be forced to interpret and apply to resolve First Trust's claim. *See Citadel Secs. LLC v. Chicago Bd. Options Exch., Inc.*, No. 16-cv-9747, 2017 WL

118419, at *5 (N.D. Ill. Jan. 12, 2017) (denying motion to remand state law claims based on trading issues, and holding "lack of federal jurisdiction would threaten uniformity").

18. And *Gunn's* fourth factor is satisfied because resolution of the substantial federal issues raised in this matter would foster an appropriate balance of federal and state judicial responsibilities. Indeed, federal courts routinely resolve state law claims when those claims are based in the federal securities laws. *Grable*, 545 U.S. at 312; *In re Facebook, Inc. IPO & Derivative Litig.*, 922 F. Supp. 2d 475, 483-84 (S.D.N.Y. 2013) (denying motion to remand and finding federal jurisdiction in a trading-related case); *see also Citadel*, 2017 WL 118419, at *5 ("[t]he states have no particular interest in resolving matters involving violations of rules approved by the SEC").

19. This matter is therefore subject to federal question jurisdiction under 28 U.S.C. § 1331.

## II. THIS COURT HAS ORIGINAL JURISDICTION UNDER 15 U.S.C. § 78aa

20. This Court also has jurisdiction under Section 27 of the Exchange Act, which grants federal district courts exclusive jurisdiction "of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules or regulations thereunder." 15 U.S.C. § 78aa.

21. The Supreme Court recently held that the jurisdictional test under that statute "is the same as the one used to decide if a case 'arises under' a federal law" under 28 U.S.C. § 1331. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1566 (2016); *see also id.* at 1570 ("§ 27's jurisdictional test matches the one we have formulated for § 1331, as applied to cases involving the Exchange Act").

22. As set forth above, the underlying MOC rules were promulgated under the Exchange Act, and First Trust's claims allege that Virtu violated its duties and obligations imposed under those rules. Indeed, in a recent trading-related case, the Seventh Circuit recently held that "removal was proper because the plain language of the Exchange Act establishes that federal courts have exclusive jurisdiction over actions seeking to interpret and enforce compliance with exchange rules or the [Exchange] Act itself." *Citadel Secs., LLC v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 702 (7th Cir. 2015).

23. Accordingly, for the reasons set forth above, this Court has jurisdiction over this matter pursuant to Section 27 of the Exchange Act.

## III. FIRST TRUST CANNOT AVOID FEDERAL JURISDICTION BY ARTFULLY PLEADING STATE LAW CLAIMS

24. Federal jurisdiction exists despite First Trust's efforts to plead otherwise. As the Supreme Court has explained, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations and internal quotation marks omitted). To that end, if "a court concludes that a plaintiff has artfully pleaded claims in this fashion, it may uphold removal even though no federal question appears on the face of plaintiff's complaint." *Id.*; *see also Citadel*, 808 F.3d at 701 (same).

25. Here, as explained further above, First Trust's purported common law breach of contract and promissory estoppel claims arise under federal law and a comprehensive, federal, regulatory framework. First Trust therefore may not defeat federal jurisdiction by its "artful pleading".

## CONCLUSION

26. For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1331 and 15 U.S.C § 78aa. Virtu therefore removes the case styled *First Trust Advisors L.P. v. Virtu Americas LLC*, Case No. 2017L001260, from the Circuit Court to this Court.

27. Nothing in this Notice of Removal shall be construed as a waiver by Virtu of any of its defenses to the claims set forth in the Complaint.

Date: December 14, 2017

Respectfully submitted,

VIRTU AMERICAS LLC

By: /s/ Donald A. Tarkington
One of Its Attorneys

Donald A. Tarkington
*dtarkington@novackmacey.com*
Brian E. Cohen
*bcohen@novackmacey.com*
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606-1520
Tel: (312) 419-6900
Fax: (312) 419-6928

Leonard J. Amoruso (*pro hac vice* motion to be filed)
*lamoruso@mmlawus.com*
Michael V. Rella (*pro hac vice* motion to be filed)
*mrella@mmlawus.com*
MURPHY & MCGONIGLE, P.C.
1185 Avenue of the Americas, 21st Floor
New York, NY 10036
Tel: (212) 880-3999
Fax: (212) 880-3998

*Attorneys for Defendant*
*Virtu Americas LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he served a copy of the foregoing ***Notice of Removal***, upon all counsel of record by causing a true and correct copy thereof to be delivered by electronically filing the document with the Clerk of Court using the ECF system on the 14th day of December 2017, and by email and U.S. mail to the individuals identified below. Parties may access this filing through the Court's CM/ECF system.

David T.B. Audley
*audley@chapman.com*
Joseph P. Lombardo
*lombardo@chapman.com*
Sara T. Ghadiri
*ghadiri@chapman.com*
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603-4080

on this 14th day of December, 2017.

/s/ Brian E. Cohen